

**GRANTED**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PETER E. DEUTSCH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZST DIGITAL NETWORKS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 8014-VCL |

### [PROPOSED] ORDER APPOINTING RECEIVER

WHEREAS, on December 11, 2012, the Court entered a Final Order (the "Final Order") (D.I. 13) requiring ZST Digital Networks, Inc. ("ZSTN" or the "Company") to (i) provide Plaintiff Peter E. Deutsch (the "Plaintiff") with certain books and records, and (ii) reimburse Plaintiff his attorneys' fees and costs incurred in prosecuting this action;

WHEREAS, ZSTN thereafter failed to comply with any terms of the Final Order and, as a result, on January 25, 2013, Plaintiff filed a Motion for Contempt (D.I. 16);

WHEREAS, ZSTN failed to respond to the Motion for Contempt and, on March 20, 2013, the Court entered an Order Granting Plaintiff's Motion For Contempt (the "Contempt Order") (D.I. 22), which (i) granted Plaintiff the right to "put" his shares in ZSTN stock for $8.21 per share; (ii) ordered ZSTN to pay Plaintiff's fees and costs in connection with the Motion for Contempt, and fees and costs to be incurred in connection with the enforcement of the Court's orders; and (iii) granted Plaintiff's request for the appointment of a receiver pursuant to 8 *Del. C.* § 322 for the purpose of enforcing the Court's orders; and

WHEREAS, on or about March 25, 2013, Plaintiff exercised his "put" option, and to date ZSTN has failed to pay Plaintiff the required consideration for his shares of ZSTN stock.

NOW, THEREFORE, IS HEREBY ORDERED as follows:

1. APPOINTMENT OF RECEIVER: Pursuant to 8 *Del. C.* § 322, Robert W. Seiden, Esq. is hereby appointed Receiver of the Company with the powers and duties specified in this Order.

2. ACCEPTANCE AND TERM OF APPOINTMENT: The Receiver shall submit to the Court a written acceptance of this appointment. The Receiver shall serve at the pleasure of the Court, and the provisions of this Order shall remain in effect pending further Order of the Court.

3. PURPOSES OF APPOINTMENT; GENERAL POWERS: The Receiver shall take all actions he deems appropriate to obtain ZSTN's compliance with the following orders of this Court (i) the Final Order, (ii) the Contempt Order, (iii) this Order, and (iv) such other and further orders the Court may enter in this action. Without limiting the foregoing, the Receiver shall take all appropriate action to ensure ZSTN's compliance with its obligation to reimburse Plaintiff's attorneys' fees and expenses and ZSTN's obligation to pay Plaintiff $8.21 for each ZSTN share for which the Plaintiff seeks redemption.

The Receiver shall have all powers generally available to a receiver appointed pursuant to 8 *Del. C.* § 291, unless any such power would be inconsistent with a specific provision of this Order, in which case this Order shall govern. Upon the acceptance of this appointment, the Receiver shall have full authority and control over the property and/or assets of the Company, of whatever kind and wherever located, in the United States of America, the People's Republic of China or elsewhere. This includes, without limitation, authority to seize, deal in or dispose of any property of the Company. The Receiver shall have full and unrestricted access to all books and records of the Company, in whatever mode maintained and wherever located, in the United

States of America, the People's Republic of China or elsewhere. The Receiver may assert sole control over any present bank or other accounts of the Company and/or establish signature authority over such accounts as the Receiver deems appropriate. The Receiver shall have the power to commence, continue, join in, and/or control any action, suit or proceeding, of any kind or nature, in the name of the Company or otherwise, including without limitation proceedings to prevent or avoid transactions of any kind or nature that may hinder the Company's compliance with this Court's orders. The Receiver is authorized, in his sole discretion, to enlist the help of the employees or agents of the Company. The directors, officers, employees, and agents of the Company shall cooperate with the Receiver in the performance of his duties. The Receiver is authorized, in his sole discretion, to enlist the help of agents, employees or representatives of the governments of the United States of America, the People's Republic of China, or any other nation, or of any regional or local governments therein, or of any other regulatory body. The Receiver shall have the authority, but shall not be required, to petition this Court for instructions at any time or from time to time.

4. <u>AUTHORITY TO RETAIN ADVISORS</u>: The Receiver is authorized to retain one or more experts or advisors, including financial advisors, professional sales agencies, accountants, attorneys, brokers, and other professionals as the Receiver deems necessary in carrying out his duties. Without limiting the foregoing, the Receiver is specifically authorized to retain as counsel Windels Marx Lane & Mittendorf, LLP and Landis Rath & Cobb LLP.

5. <u>COMPENSATION OF THE RECEIVER AND ANY PROFESSIONALS</u>: The Company shall pay the compensation and expenses of the Receiver at his customary hourly rate. All professionals retained by the Receiver shall submit invoices to the Receiver. The Receiver shall petition the Court on a monthly basis, or at such other interval as the Court may direct, for

approval of the fees and expenses incurred by the Receiver and his advisors. All fees and expenses approved by the Court shall be paid promptly by the Company. Payment of the fees and expenses of the Receiver and any experts or advisors retained by the Receiver shall have priority over all other obligations, payments or distributions of the Company. Upon any failure by the Company to pay fees and expenses duly approved by the Court, the Receiver shall have full authority and control over the property and/or assets of the Company, of whatever kind and wherever located, for the purposes of satisfying the payment of such fees and expenses. The Receiver may seek further relief from the Court with respect to any non-payment of expenses.

6. AUTHORITY TO ACT: The Receiver is authorized to act through and in the name of the Company to carry out his duties. The Receiver is authorized to execute and deliver (or cause to be executed and delivered) any document in the name of the Company, including but not limited to contracts, deeds, other documents of title, and regulatory, administrative and governmental filings.

7. WAIVER OF DUTIES AND BOND; MONTHLY REPORTS: The provisions of Court of Chancery Rules 149-168, pertaining to the duties of a receiver and/or trustee, are hereby waived. The Receiver shall not be required to post a bond. In lieu of these provisions, the Receiver shall provide interim reports to the Court at monthly intervals from the date of this Order. Such monthly reports shall include a statement of (i) the Receiver's activities during the preceding month; (ii) a statement of the fees and expenses for which the Receiver seeks payment that were incurred during the preceding month; and (iii) such other information as the Receiver deems appropriate or as the Court may direct.

8. COOPERATION: The appointment of the Receiver hereunder is binding upon the directors, officers, employees, agents and stockholders of the Company, who shall cooperate

with the Receiver in the performance of his duties. Neither the Company, nor person acting or purporting to act on behalf of the Company, nor any director, officer, employee, agent, stockholder or creditor of the Company shall institute any proceeding in any forum other than this Court challenging any action, recommendation or decision by the Receiver.

9. <u>EXCULPATION, INDEMNIFICATION, AND ADVANCEMENT</u>: The Receiver, and anyone acting on his behalf, shall have no liability to the Company, its stockholders or any other person for actions taken in good faith pursuant to this Order. The Receiver shall be entitled to all protection, limitation from liability, and immunity available at law or in equity to a court-appointed Receiver including, without limitation, all protection, limitation from liability, and immunity to the fullest extent permitted by applicable law. Expenses, including attorneys' fees, incurred by the Receiver in defending any civil, criminal, administrative or investigative action, suit, or proceeding arising by reason of or in connection with the Receiver's designation as Receiver for the Company, or in the performance of his duties hereunder, shall be paid by the Company in advance of the final disposition of such action, suit, or proceeding subject to the repayment of such amount if it shall ultimately be determined by this Court that the Receiver is not permitted to be indemnified by the Company under applicable Delaware law.

10. <u>OBJECTIONS TO AND REVIEW OF RECEIVER'S INTERIM ACTIONS, AND STANDARD OF REVIEW</u>: All actions of the Receiver shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions taken appropriate to ensure ZSTN's compliance with this Court's orders. All interim actions shall be subject to review and reversal by the Court only upon a showing that the Receiver abused his discretion.

11. <u>JURISDICTION</u>.   The Court shall retain jurisdiction to interpret, construe and enforce this Order and any such other or further orders of this Court.


_____
The Honorable J. Travis Laster

| This document constitutes a ruling of the court and should be treated as such. | |
|---|---|
| Court: | DE Court of Chancery Civil Action |
| Judge: | J Travis Laster |
| File & Serve Transaction ID: | 51355780 |
| Current Date: | Mar 28, 2013 |
| Case Number: | 8014-VCL |
| Case Name: | CLOSED Deutsch, Peter E vs ZST Digital Networks Inc |
| Court Authorizer: | Laster, J Travis |

/s/ Judge Laster, J Travis